UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GARLAND E WILLIAMS | CIVIL ACTION NO. 20-cv-1144 |
| VERSUS | CHIEF JUDGE HICKS |
| USA ET AL | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Garland E. Williams ("Plaintiff") has filed multiple lawsuits related to his dissatisfaction with child support orders entered by state courts in Kansas and Louisiana. He filed a federal suit in 2016 in the Eastern District of Louisiana against the State of Louisiana and the Department of Child and Family Services. That case was dismissed. Plaintiff then filed a series of lawsuits against the presiding federal judge, the clerk of court, and the United States based on alleged wrongs in the course of the prior litigation. The history of his federal litigation, which includes more than a dozen cases, can be found in a memorandum recently filed in the Eastern District of Louisiana in 20-cv-1820, Doc. 7 as well as the Report and Recommendation in 18-cv-2552.

Plaintiff has now filed two new suits, both of a similar nature, in the Western District of Louisiana. The first is <u>Williams v. United States</u>, 20-cv-1141, which is a purported action under the Federal Tort Claims Act against the United States based on alleged actions of District Judge Greg G. Guidry and Administrative Case Manager Dedra Pongracz. The other case is <u>Williams v. United States</u>, 20-cv-1144, which is based on the alleged actions of District Judge Martin L. C. Feldman, Magistrate Judge Michael B. North, District Judge

Ivan L.R. Lemelle, and former Clerk of Court William Blevins.  Both complaints reference prior lawsuits filed by Plaintiff in the Eastern District of Louisiana and allege that court officials are liable in connection with their actions in the prior suits.

A Federal Tort Claims Act case "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  Plaintiff alleges that he resides in Slidell, Louisiana, which is in the Eastern District of Louisiana, and all of the acts or omissions he alleges occurred in the Eastern District of Louisiana.  There is no basis for venue in the Western District of Louisiana based on Section 1402 or the general venue statute, 28 U.S.C. § 1391.

If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought.  28 U.S.C. §1406(a).  The court may take such action *sua sponte*.  Caldwell v. Palmetto State Sav. Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); Crawford v. Offshore Pipelines International, Ltd., 1998 WL 195989 (E. D. La. 1998).  Even if a civil action is filed in a permissible venue, the district court may transfer the action, for the convenience of parties and witnesses, in the interests of justice, to any other district where it might have been brought.  § 1404(a).  Such transfers may be made *sua sponte*.  Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989); Isbell v. D M Records, Inc., 2004 WL 1243153 (N. D. Tex. 2004).

This civil action was filed in an improper venue, and it appears that the Eastern District of Louisiana is the only proper venue for this FTCA action, which warrants a transfer to that district.  In the alternative, the convenience of parties and witnesses and the

interests of justice would be best served by transferring this case to the Eastern District of Louisiana, where all parties reside and where all of the relevant events occurred. Accordingly, the clerk of court is directed to transfer this civil action to the Eastern District of Louisiana. A similar transfer order will be entered in the related action.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of September, 2020.

                                            Mark L. Hornsby
                                            U.S. Magistrate Judge